**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **Mohammad Zubair Safdar**, | ) | |
| **And All Others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO. 4:10-CV-03757** |
| | ) | |
| **AFW, Inc. d/b/a Affordable Furniture;** | ) | |
| **SLC, Inc.; Moss Masa Corporation; Abdul** | ) | |
| **Shakoor Akhter; and Mukhtar Ishaq,** | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |
| | ) | |

---

### PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT AND IN THE ALTERNATIVE, MOTION TO VACATE DEFAULT JUDGMENT

---

## <u>TABLE OF CONTENTS</u>

**Page**

I.   Summary and Factual Background   ...........................................................   1

II.  The Rule 55(c) and 60(b) Standard for Vacating a Judgment   .................................   3

III. The Defendants Fail to Establish "Good Cause" and Thus Do Not
     Fulfill Their Burden Under Rules 55(c) and 60(b)   .................................   8

     A. Defendants' defaults were willful   ........................................................   8

     B. Defendants fail to present a meritorious defense   ...................................   12

     C. Plaintiff will be prejudiced by the Court's decision to set aside the Judgment   .....   13

IV.  Conclusion and Prayer   ........................................................................   16

Certificate of Service   ...........................................................................   17

Table of Exhibits   ................................................................................   18

# <u>TABLE OF AUTHORITIES</u>

**Page**

**CASES**

*Am. Totalisator Co. v. Fair Grounds Corp.*
  3 F.3d 810 (5th Cir.1993) ................................................................... 6

*Aucoin v. K-Mart Apparel Fashion Corp.,*
  943 F.2d 6 (5th Cir. 1991) ................................................................... 7

*Baez v. S.S. Kresge Co.,*
  518 F.2d 349 (5th Cir. 1975) ............................................................... 6

*Bailey v. Ryan Stevedoring Co., Inc.,*
  894 F.2d 157 (5th Cir.1990) ................................................................ 6

*Bankers Mortg. Co. v. United States,*
  423 F.2d 73 (5th Cir. 1970) ................................................................. 7

*Bershad v. McDonough,*
  469 F.2d 1333 (7th Cir. 1972) ..........................................................5, 11

*Bohlin Co. v. Banning Co.,*
  6 F.3d 350 (5th Cir. 1993) ................................................................... 4

*Burnside v. Eastern Airlines, Inc.,*
  519 F.2d 1127 (5th Cir. 1975) ............................................................. 4

*Carter v. Fenner,*
  136 F.3d 1000 (5th Cir.1998) .............................................................. 6

*CJC Holdings, Inc. v. Wright & Lato, Inc.,*
  979 F.2d 60 (5th Cir. 1992) .............................................................4, 5, 6

*Crutcher v. Aetna Life Ins. Co.,*
  746 F.2d 1076 (5th Cir. 1984) ............................................................. 6

*Ellingsworth v Chrysler,*
  665 F2d 180 (7th Cir. 1981) ................................................................ 6

*Fed. Sav. & Loan Ins. Corp. v. Kroenke*
  858 F.2d 1067 (5th Cir. 1988) ............................................................. 6

*Formal Specialists Ltd.  v. Wilbert Lyons Inc.,*
  98 F. Appx. 284 (5th Cir. 2004) (*per curiam*) ................................... 8

*Gomes v. Williams,*
    420 F.2d 1364 (10th Cir. 1970) ........................................................................ 12

*Gov't Fin. Serv. One Ltd. P'ship v. Peyton Place, Inc.,*
    62 F.3d 767 (5th Cir. 1995) .................................................................................. 7

*In re Dierschke,*
    975 F.2d 181 (5th Cir. 1992) ..........................................................................5, 11

*In re Tucker,*
    211 F.3d 125 (5th Cir. 2000) ................................................................................ 7

*Jenkens & Gilchrist P. C. v. Goria & Co.*
    542 F.3d 114 (5th Cir. 2008),
    *cert. denied,* 129 S. Ct. 1585, 173 L. Ed. 2d 676 (2009) ...................................... 6

*Lacy v. Sitel Corp.,*
    227 F.3d 290 (5th Cir. 2000) .......................................................................5, 11, 12

*Pease v. Pakhoed Corp.,*
    980 F.2d 995 (5th Cir. 1993) ..........................................................................7, 12

*Robinson v. Bantam Books, Inc.,*
    49 F.R.D. 139 (S.D.N.Y.1970) ......................................................................... 12

*Rogers v. Hartford Life & Accident Ins. Co.,*
    167 F.3d 933 (5th Cir. 1999) ..........................................................................6, 7

*Rozier v. Ford Motor Co.,*
    573 F.2d 1332 (5th Cir. 1978) .............................................................................. 7

*Toledo Scale Co. v. Computing Scale Co.,*
    261 U.S. 399 (1953) ............................................................................................ 7

*United States v. Boch Oldsmobile, Inc.,*
    909 F.2d 657 (1st Cir. 1990) ................................................................................ 6

*United States v. One Parcel of Real Property,*
    763 F.2d 181 (5th Cir. 1985) ................................................................................ 5

*United States v. One 1978 Piper Navajo PA-31, Aircraft,*
    748 F.2d 316 (5th Cir. 1984) ................................................................................ 4

*United States v. Shipco General,*
    814 F.2d 1011 (5th Cir. 1987) .............................................................................. 4

*Wilson v. Thompson*,
    638 F.2d 801 (5th Cir. 1981) ................................................................   7


**STATUTES, RULES AND REGULATIONS**

**Federal Rules of Civil Procedure**

Rule 55(c)    ................................................................................................ 4, 5
Rule 60(b)    ................................................................................................ 2, 3, 4
    ................................................................................................ 5, 6, 7, 12
Rule 60(b)(1)   ................................................................................................ 4, 6, 11
Rule 60(b)(3)   ................................................................................................ 3, 7

**United States Code**

29 U.S.C. § 201 *et. seq.* ................................................................................ 2, 11, 13, 15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Mohammad Zubair Safdar,** | ) | |
| **And All Others Similarly Situated** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO. 4:10-CV-03757** |
| | ) | |
| **AFW, Inc. d/b/a Affordable Furniture;** | ) | |
| **SLC, Inc.; Moss Masa Corporation; Abdul** | ) | |
| **Shakoor Akhter; and Mukhtar Ishaq,** | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |
| | ) | |

---

### PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT AND IN THE ALTERNATIVE, MOTION TO VACATE DEFAULT JUDGMENT

---

TO THE HONORABLE JUDGE SIM LAKE:

NOW COMES Plaintiff Mohammad Zubair Safdar, and files his Response and Opposition to Defendants' Motion to Set Aside Default Judgment and in the Alternative, Motion to Vacate Default Judgment.  Plaintiff would show the Court as follows:

**I.**
**Summary and Factual Background**

1.     At times, man's mischief is omnifarious, and a defendant's act of knowingly ignoring the legal process for a period of nine months is an apt sample. For that defendant to then attempt to usurp the legal process is cumulative. And for the same defendant to display disrespect of it by taking an oath and lying to a court is beyond mischief – it is misconduct.  Such are the acts of our Defendants for which they now seek reward.  So, this might not be that case pregnant with the potential of being born into a glowing demonstration of jurisprudence, one that would perhaps display that precise and delicate balance our courts are to achieve between "fairness"

1

and the "finality of judgments" under Fed. R. Civ. P. Rule 60(b).  Quite simply, Plaintiff respectfully submits that Defendants' acknowledged lack of any effort in defending themselves after being sued in this Court serves to simplify the entire exercise.

2.     More specifically, the Defendants have had nine months to defend this unpaid overtime lawsuit, and despite being properly served, AFW, Inc. d/b/a Affordable Furniture; SLC, Inc.; Moss Masa Corporation; Abdul Shakoor Akhter; and Mukhtar Ishaq (collectively, "Defendants") have failed to file either an answer or any other responsive pleading.[1] The Defendants now file their motion to vacate the Court's Final Judgment in this case, but they fall woefully short of presenting the type of evidence, including clear and convincing evidence, upon which such relief may be granted.

3.     Defendants argue that Mr. Safdar has defrauded and misled them, giving them assurances of dismissing his lawsuit against them, and that after nine months of not doing so, Defendants are now "surprised" that the litigation has resulted in a default judgment against them. Mr. Safdar denies ever having told the Defendants that he would dismiss the instant action.  These and other facts are stated in Mr. Safdar's attached affidavit, which indicates his clear and unequivocal intent to pursue his unpaid wage claim under the Fair Labor Standards Act ("FLSA") in this Court.

4.     In his affidavit, Defendant Akhter concedes that at least since April 2011, the Defendants were aware that this lawsuit had been filed.  Defendants also do not offer any credible evidence of being improperly served, or of lacking the notice of having been sued. They simply assert that they chose not to file their answers in this matter on the basis of "surprise" and upon

---

[1] Plaintiff refers the Court to his Motion for Default Judgment (Doc. No. 16), which details the manner in which each Defendant was served, and the subsequent lack of any responsive pleading filed by any Defendant within the required timeframe.

allegations of "Plaintiff's misrepresentation and misconduct".

5.      The Defendants, who are businesspersons and businesses that one may safely presume more sophisticated than the Plaintiff (their former employee), craft blame upon Plaintiff from somehow preventing each of them from defending the lawsuit over a period of nine months. Defendants invent a tale of what Plaintiff's lawsuit is really about (i.e., a dispute between Plaintiff and an unnamed party to this lawsuit), but they fail to substantiate their bald assertions with any substantive evidence.  The support that *is* offered amounts merely to conclusory, implausible and interested testimony.  Defendants misstate the period of time Plaintiff was in their employ, yet they fail to support such a claim with any evidence.  Defendants even lie to the Court in stating that they are no longer in the furniture selling business. On the contrary, Plaintiff herein submits evidence indicating that it has been business as usual at "Affordable Furniture" since 1981.

6.      Assuming, *arguendo*, the Defendants' arguments are accepted as being true, they nevertheless fail to serve as the requisite demonstration of "good cause" to successfully vacate the Court's Judgment, and they also fail to meet the "clear and convincing" evidence requirement in vacating a judgment under Fed. R. Civ. P. Rule 60(b)(3).

7.      Therefore, Plaintiff respectfully prays that Defendants' motion to vacate the Court's Final Judgment entered on September 13, 2011, be denied.

## II.
## The Rule 55(c) and 60(b) Standard for Vacating a Judgment

8.      To merit relief under Federal Rule of Civil Procedure 60(b), a party must show:

(1)      mistake, inadvertence, surprise, or excusable neglect;

(2)      newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)      fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

3

misconduct of an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or,

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[2]

9.     **A default judgment is a judgment on the merits conclusively establishing a defendant's liability**. *United States v. Shipco General*, 814 F.2d 1011, 1014 (5th Cir. 1987). Default judgment is appropriate when no responsive pleadings are timely filed by a claimant. See, e.g., *United States v. One 1978 Piper Navajo PA-31, Aircraft*, 748 F.2d 316, 317 (5th Cir. 1984). A defaulting party's ignorance of the rules or misconstruction of their applicability does not constitute excusable neglect under Rule 60(b)(1). *Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in 'unique circumstances.'"). Also, **a Rule 60(b) motion is not to be used as a substitute for filing a timely answer**. *Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127, 1128 (5th Cir. 1975).

10.     The decision to set aside an entry of default under Federal Rule of Civil Procedure 55(c) or to grant relief from a default judgment under Federal Rule of Civil Procedure 60(b) is within the discretion of the district court. *CJC Holdings, Inc. v. Wright & Lato, Inc*., 979 F.2d 60, 63 (5th Cir. 1992). Under either rule, the court considers the same factors, and the ultimate inquiry

---

[2] Plaintiff is unclear why the Defendants are compelled to rely heavily on non-binding persuasive precedence from other federal circuits despite the presence of well settled law in the U.S. Court of Appeals for the Fifth Circuit and this Court, amply addressing the Rule 60 (b) standard for setting aside a default judgment.

remains whether the defendant shows 'good cause' to set aside the default. *Id,* at 64.  See also, *Lacy v. Sitel Corp.,* 227 F.3d 290, 291 (5th Cir. 2000)  ("Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default or default judgment for "good cause.").

11.     To determine whether **good cause** to set aside a default exists, the Fifth Circuit considers three factors:  (1) <u>whether the default was willful</u>, (2) <u>whether setting it aside would prejudice the adversary</u>, and (3) <u>whether a meritorious defense is presented</u>." *Lacy*, 227 F.3d at 292. Other factors may also be considered by the court, including whether "the defendant acted expeditiously to correct the default." *Id.*  Importantly, **a finding of willful default ends the inquiry, for "when the court finds an intentional failure of responsive pleadings there need be no other finding."**  *Id.*  (applying this standard to conclude that defendant's alleged negligent misunderstanding of fact that he had been served with new lawsuit rather than new pleading in other litigation amounted to intentional failure to answer)); see also *CJC Holdings*, 979 F.2d at 64; *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).  A willful default is an intentional failure to respond to litigation. *Lacy,* 227 F.3d 292 (5th Cir. 2000), and "Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)" *Bershad v. McDonough*, 469 F.2d 1333, 1337 (7th Cir. 1972).

12.     Although the decision to set aside a default is committed to the sound discretion of the trial court, such discretion is not unlimited. *In re Dierschke*, 975 F.2d 181, 183-184 (5th Cir. 1992).  Some circuit courts hold that a court must consider and note its disposition of all three factors on the record.  Others have treated the factors in the disjunctive. *Id.*  The Fifth Circuit finds the latter course more persuasive. *Id.*  Furthermore, the three factors are not talismanic. *Id.*

13.     The Fifth Circuit has also counseled that "relief under Rule 60(b) is considered an **extraordinary remedy** - [and that] '[t]he desire for a judicial process that is predictable mandates

5

caution in reopening judgments.' " *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir.1998) (quoting *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir.1990)).   In the interest of finality, the concept of void judgments is narrowly construed. *Id,* at 1007 (quoting *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990). Hesitance to reopen final judgments is "especially so in cases where a suit is terminated prior to adjudication on the merits." *Id,* at 1007.

14.     In reviewing a motion under Rule 60(b), "the district court's denial of relief will be set aside on appeal only for an abuse of discretion." *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984); *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir.1993); *Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).  Thus, to overturn the district court's denial of a Rule 60(b) motion, "[i]t is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion." *Crutcher*, 746 F.2d at 1082 (5th Cir. 1984).  Furthermore, filing of a motion under Rule 60(b)(1) neither affects finality of the original judgment, nor does it toll the 30-day time limit of Federal Rule of Appellate Procedure 4(a)(1) for taking appeal from that judgment. *Ellingsworth v Chrysler,* 665 F2d 180 (7th Cir. 1981).

15.     To merit relief from default judgment, a party must show that its failure to file a timely answer or otherwise defend resulted from excusable neglect. *CJC Holdings, Inc.*, 979 F.2d at 64 (5th Cir. 1992).  If a defendant's default is willful, then the Court may deny relief under Rule 60(b)(1) for that reason alone. *Jenkens & Gilchrist P. C. v. Goria & Co.*, 542 F.3d 114, 122 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1585, 173 L. Ed. 2d 676 (2009). When a defendant fails to respond due in part to his own negligence, it becomes the defendant's burden to convince the Court that this negligence is excusable. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999) (citing *Baez v. S.S. Kresge Co.*, 518 F.2d 349 (5th Cir. 1975)). The Court is justified in refusing

6

to set aside a default judgment when the defendant fails to establish and maintain minimum internal procedural safeguards to prevent the default. *Rogers*, 167 F.3d at 939 (5th Cir. 1999).

16.     Furthermore, a Rule 60(b) motion is not intended to allow a litigant to "vitiate the requirement [to file] a timely appeal," and should not be treated "as an appeal from the underlying judgment." See *Aucoin v. K-Mart Apparel Fashion Corp*., 943 F.2d 6, 8 (5th Cir. 1991).  Similarly, the 5th Circuit has long held that a movant must "demonstrate that he possesses a meritorious cause of action," and that his claim is extraordinary enough to warrant the district court vacating its judgment, rather than having the matter reviewed through the normal appellate process. *Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993).

17.     "We recognize that party moving under Rule 60(b)(3) may prevail without showing that the alleged fraud affected the outcome of the prior trial. *Rozier v. Ford Motor Co.,* 573 F.2d 1332 (5th Cir. 1978).  Yet a Rule 60(b)(3) movant does bear the burden of proving the asserted fraud, and this burden is the heavy one of proof by clear and convincing evidence." *Wilson v. Thompson*, 638 F.2d 801, 804 (5th Cir. 1981) [emphasis supplied].  A party moving for relief under the fraud provision of Rule 60(b) must "establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Gov't Fin. Serv. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995). Accordingly, Rule 60(b) is primarily an instrument of equitable relief, and it is not to be "made a vehicle for the re-litigation of issues." *In re Tucker*, 211 F.3d 125, *1 (5th Cir. 2000) (unpublished) (citing *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970)).  In order to justify setting aside a decree for fraud, whether extrinsic or intrinsic, it must appear that such fraud really prevented the complaining party from making a full and fair defense. *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 421 (1953) [emphasis supplied].

**III.**
**The Defendants Fail to Establish "Good Cause" and**
**Thus Do Not Fulfill Their Burden Under Rules 55(c) and 60(b)**

A.    Defendants' defaults were willful:

18.    At the outset, each Defendants' lack of urgency in responding to the complaints in this case very closely resembles the behavior of the defaulting defendant in *Formal Specialists Ltd. v. Wilbert Lyons Inc.*, 98 F. Appx. 284 (5th Cir. 2004) (*per curiam*).  In *Formal Specialists*, the Fifth Circuit upheld a district court's determination that a defendant that failed to answer for nine months intentionally defaulted despite its allegations that its failure to answer was at least in part  due to attorney error. The *Formal Specialists* court emphasized that the defendant received the summons and complaint which warned that a default judgment would be entered if an answer was not filed within 20 days. See *Id*. at 286.  Even if defendant's attorney (i.e., someone other than the Defendant) had contributed to the default, the Fifth Circuit stated that refusing to set aside the  default was appropriate because the defendant "did not act expeditiously to cure the default." *Id*.

19.    Here, each of the five (5) Defendants was served with process months ago, and each has failed to timely file an answer.  Specifically, Defendant Abdul Shakoor Akhter was served on March 9, 2011 (Doc. No. 7); his answer was due on or before March 30, 2011.  Defendants AFW, Inc., SLC, Inc., and Moss Masa Corporation were each served on April 18, 2011 via the Texas Secretary of State (Doc. Nos. 10, 11 and 12, respectively). [3, 4]  The three corporate Defendants' answers were due on or before May 9, 2011.  Finally, Mr. Mukhtar Ishaq was served on June 25, 2011 (Doc. No. 15), and his answer was due on or before July 18, 2011.

---

[3] Defendant Akhter, a director, officer and registered agent of the legal entity Defendants refused to make himself available for service upon these entities, and Plaintiff therefore was required to achieve service via the Texas Secretary of State.
[4] See also, Exhibit A – Affidavit of Due Diligence of Andrew C. Manger, Private Service Processor.

8

20.     Plaintiff's motion or default judgment was not filed until September 2, 2011, and thus, each Defendant possessed ample opportunity to retain counsel and take action.

21.     That being said, the Defendants cannot now dispute that each has failed to "expeditiously cure their respective defaults".  On the contrary, in his affidavit, Defendant Akhter concedes that he was aware of the pending lawsuit by stating that he "called Mohammad Zubair Safdar [Plaintiff], on or about April 19, 2011" soon after receiving Mohammad Zubair Safdar's lawsuit (Doc. No. 19-1, p. 2, ¶17).

22.     Each Defendant's intentional evasion from being served with process, and each one's subsequent failure to timely respond by filing an answer is undeniably evident in the record, and each amounts to a willful default.[5]  Defendants now misstate the facts surrounding how they were personally served (see, for example: "I received Mohammad Zubair Safdar's lawsuit in the mail. I thought service of process must be in person, and so I did not believe I was properly served.") (Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 2, ¶17).  In essence, Mr. Akhter misleads the Court, under oath, that he was served by mail instead of by personal service through a private service processor.  Under these circumstances, the type of evidence Mr. Akhter attempts to pass off as the truth clearly falls short of establishing an expeditious desire to cure a default.

23.     Additionally, Defendant Mukhtar Ishaq chooses to remain silent and fails to put forth any explanation of why he has ignored filing a responsive pleading after being properly served in person.  He thus offers neither desire nor motivation to defend the judgment that was

_____

[5] Plaintiff refers the Court to his first Motion to Enlarge Time for Joint Discovery/Case Management Plan and Initial Pretrial and Scheduling Conference (Doc. No. 5); his second Motion to Enlarge Time for Joint Discovery/Case Management Plan and Initial Pretrial and Scheduling Conference (Doc. No. 8); and his third Motion to Enlarge Time for Joint Discovery/Case Management Plan and Initial Pretrial and Scheduling Conference (Doc. No. 13).  These motions are supported by affidavits of Plaintiff's service processor, Lone Star Attorney Service, indicating the difficulty each Defendant offered while intentionally evading service.

rendered against him by this Court.

24.     On the other hand, Defendant Abdul Shakoor Akhter offers the following attempts to defend his willful default:

a)   Plaintiff Safdar was really just angry at Mr. Akhter's stepson, and that's why Plaintiff sued Akhter [6] (therefore no answer was required to be filed with the Court by the Defendants);

b)   Instead of filing a timely answer, Akhter decided to offer Plaintiff Safdar (in the absence of Safdar's attorney) $3,000 or $4,000 to settle this case, an amount Akhter predicted to be the cost to defend this matter.[7] (Thus, this failed attempt to settle the matter directly with Safdar somehow negated the requirement to avoid default by filing a timely answer, and caused great surprise to the Defendants when Plaintiff continued prosecute his claim. The 'surprise' appears to have been of a nature so severe that it also rendered the Defendants incapable of filing a response to Plaintiff's motion for default judgment);

c)   Because Safdar's attorney was out of the U.S., and because Safdar himself was soon to leave the U.S. to visit Pakistan, these actions excused the Defendants from filing their answers and suffering default; [8]

d)   "I thought the lawsuit would be dismissed against me and the corporations, and took no further action."; [9]

e)   Akhter, a presumably successful businessman who owns a furniture business operating nine (9) locations in Houston, relied upon his former employee's advice, ignored the fact that the same employee is suing him, and concluded not to contact an attorney to seek legal advice on such basis; [10]

f)   "I did not act sooner, because I thought I was not properly served, …".[11] (Of course, Akhter offers no evidence to support this claim).

25.     For good measure, Mr. Akhter also informs the Court that Mr. Safdar admitted that he filed the lawsuit to "get some money out of me [Akhter], and that he [Safdar] now felt bad about

---

[6] Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 2, ¶18.
[7] Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 2, ¶21.
[8] Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 2, ¶22.
[9] Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 2, ¶24.
[10] Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 2, ¶25.

the Court judgment."[12]   Plaintiff is unaware of any legal prerequisite requiring him to make a showing that he must first "feel good" before filing a lawsuit under the FLSA.  Nevertheless, Mr. Safdar denies ever stating to Akhter that he "felt bad" about the lawsuit or the resulting judgment rendered by this Court.[13]

26.    Plaintiff similarly denies all of the allegations Akhter makes in his affidavit.[14] Safdar does recall Akhter calling him twice over the past nine months, threatening Safdar to dismiss the lawsuit.[15]  Safdar responded that Akhter was free to contact Safdar's attorney because he had no interest in speaking with Akhter. *Id.*

27.    Thereafter, the Defendants' decision to not defend this lawsuit was theirs alone. A willful default is an intentional failure to respond to litigation. *Lacy,* 227 F.3d 292 (5th Cir. 2000), and "Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)" *Bershad*, 469 F.2d at 1337 (7th Cir. 1972).

28.    Furthermore, a finding of willful default ends the inquiry, for "when the court finds an intentional failure of responsive pleadings there need be no other finding." *Lacy*, 227 F.3d at 292 (5th Cir. 2000) [emphasis supplied].  Also, where the default is found to be willful rather than inadvertent, the defendant is automatically barred from relief. *In re Dierschke*, 975 F.2d at 184 (5th Cir. 1992).

29.    Based upon these above facts, and upon the record in this case, each Defendant's default is willful, and Plaintiff thus believes the Court need not inquire further.

30.    Nevertheless, out of an abundance of caution, Plaintiff will discuss the second and

---

[11] Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 2, ¶28.
[12] Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 2, ¶27.
[13] Exhibit B – Affidavit of Mohammad Zubair Safdar, p. 3, ¶13.
[14] Exhibit B – Affidavit of Mohammad Zubair Safdar.
[15] Exhibit B – Affidavit of Mohammad Zubair Safdar, p. 2, ¶8.

third elements of what constitutes "good cause" by a moving party, further demonstrating Defendants' failure to establish the requisite showing that would justify an Order to vacate the Court's previously rendered default judgment Order.

> B.     Defendants fail to present a meritorious defense:

31.     Even in the absence of willful neglect by the defendant [element #1], or unfair prejudice to the plaintiff [element #2], a district court has the discretion not to upset a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party. *Lacy*, 227 F.3d at 293 (5th Cir. 2000).

32.     The Fifth Circuit has counseled that "It is well established that Rule 60(b) requires the movant to demonstrate that he possesses a meritorious cause of action. See, e.g., *Lepkowski v. United States Dep't of Treasury*, 256 U.S. App. D.C. 281, 804 F.2d 1310, 1314 (D.C.Cir.1986) ("motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense"); *United States v. Parcel of Land, Etc.* (*Woburn City Athletic Club, Inc.*), 928 F.2d 1, 5 (1st Cir.1991) ("In exercising its discretion under Rule 60(b), the district court must look, *inter alia*, to whether the party seeking relief has a potentially meritorious claim or defense.")." *Pease*, 980 F.2d at 998 (5th Cir. 1993).

33.     Here, the mere recitation of a statute of limitations defense without presenting any underlying facts supporting the assertion is inadequate under the law.  Defendants failed to do more than merely alleging a "meritorious defense". See *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Robinson v. Bantam Books, Inc.*, 49 F.R.D. 139, 140-141 (S.D.N.Y.1970).  The Defendants therefore fail to meet their burden in presenting a meritorious defense, and thus fail to earn the relief they seek in their motion.

C.      Plaintiff will be prejudiced by the Court's decision to set aside the Judgment:

34.      Defendant Akhter is dishonest and misleading in the affidavit he files with the Court (Doc. No. 19-1).  In an attempt to overturn a default judgment based upon verified facts, Akhter in essence refutes those facts in a rather naïve manner. Akhter concedes that Plaintiff did in fact work for his furniture store doing business as "Affordable Furniture" at 11314 North Freeway, Houston, Texas 77037, but he conveniently picks dates of Plaintiff's employment that fall outside the three-year look-back period of the FLSA (Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 3, ¶10). Notably, Akhter is unable to support this assertion with any evidence.

35.      Akhter then claims, in a rather wholesale manner, that all of AFW, Inc.'s "Affordable Furniture" locations of are no longer in the furniture business, but fails to elaborate further as to what happened to those businesses. *Id.* at ¶¶ 7 – 9.  Despite the fact that the business AFW, Inc. now conducts is irrelevant to finding it liable for past unpaid overtime wages, Plaintiff demonstrates to the Court that indeed Mr. Akhter and AFW, Inc. continue to exclusively engage in the furniture selling business in order to demonstrate that Akhter commits perjury in his affidavit, and does so without any hesitation of its consequences to him.

36.      The Articles of Incorporation of AFW, Inc. filed by Mr. Akhter with the Texas Secretary of State on December 8, 2000, and that presently remain in effect indicate the specific purposes for which the corporation is authorized to conduct business, which includes the buying and selling of all types of personal property. [16]

37.      Furthermore, perusing through the website of "Affordable Furniture" in Houston, Defendants claim to be "Serving the Greater Houston Area Since 1981!", and fail to state any

---

[16] See Exhibit C – Articles of Incorporation of AFW, Inc. and related Texas Franchise Tax Public Information Reports for 2009, 2010, and 2011.

discontinuation of their retail furniture business. [17]   On the contrary, they state that "Affordable Furniture is family-owned and family-operated business and has served the greater Houston area since 1981.  We have built our company by providing beautiful furniture, great service, low prices and hometown relationships  from our family to yours." … and, "Since 1981 the two brothers had a vision; a vision to provide Houston with quality, affordable furniture." *Id.*  They then go on to state that "We love to hear from you! Please call, click or come on over to one of our 9 locations!" *Id.* Following the endearing invitation, Affordable Furniture readily supplies addresses and maps of their 9 locations, including the location where Mr. Safdar worked. *Id.*

38.    Akhter nevertheless displays the audacity to represent to this Court, under oath, that AFW, Inc. no longer does business as "Affordable Furniture", and "does not own or operate, nor is it involved in any way with any of the other store locations, …., except for the two stores above." (Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 2, ¶¶7 – 9).  Akhter, however, publishes to the rest of the world that "Affordable Furniture" owns and operates nine (9) locations, all of which are located in and around Houston, Texas.[18]  Akhter's failure to explain this material inconsistency is a direct challenge to the veracity of his affidavit and the facts contained therein.

39.    The Defendants also have demonstrated bad faith and a willful of the law by repeatedly avoiding service of process and notice of pendency of this matter. Because of the Defendants, this case remained on the Court's docket for over nine months with nothing but service being completed, despite Plaintiff's persistent diligence in doing so. The long period of delay, coupled with no plausible explanation for the delay, leads only to the intentional bad faith of the Defendants.  Mr. Akhter even admits that he delayed hiring a lawyer and filing answers on  his behalf and on behalf of his three Defendant corporations during the nine-month period not because

---

[17] See <u>Exhibit D</u> – AFW, Inc. website pages and Facebook pages.

of any extenuating circumstances, but only because "I thought the lawsuit would be dismissed against me and the corporations, and took no further action." (Affidavit of Abdul Shakoor Akhter, Doc. No. 19-1, p. 2, ¶24).  Certainly, the role of our courts would be very different if Mr. Akhter's belief was a cornerstone or pillar of our adversarial legal system. Plaintiffs would file lawsuits only to find that no relief is available if a defendant decides to take no action at the outset.

40.     Plaintiff's right to collect a final judgment should not be undermined by Mr. Akhter's mistaken belief that the lawsuit Plaintiff filed against him was simply going to be dismissed, especially not after the long period of time this case has been pending.  Prejudice will come to Mr. Safdar if he is unable to expeditiously proceed with his lawful efforts to collect monies now legally owed to him. Mr. Akhter tells us, under oath, that AFW, Inc. no longer does business as "Affordable Furniture" at any location, and is no longer in the furniture retail business. *Id.* at ¶¶ 7 – 9.  As shown above, Mr. Akhter's "Affordable Furniture" web page and facebook printouts indicate that it has been business as usual at "Affordable Furniture" since 1981, and that nothing has changed at all in this regard (Exhibit D).

41.     Any further delay will cause prejudice to Plaintiff, which is evident from the fact that Mr. Akhter audaciously lies to this Court in his affidavit without hesitation. Clearly, any further delay places Plaintiff at risk that an individual who has demonstrated skilled evasiveness of the legal process and has no remorse in lying to the Court in order to mislead it, will be equally vigilant in hiding his assets from collection if given enough time.

42.     Plaintiff thus respectfully pleads that this Court allow the judgment to stand, so that he not may be prejudiced further by a Defendant that has openly shown an unwillingness to play by the rules (i.e., the FLSA, the Federal Rules of Civil Procedure, and the Local Rules of this Court, to

---

[18] See Exhibit D – AFW, Inc. website pages and Facebook pages.

name a few).

43.    Defendants also do not fulfill their burden to allow the Courts' Final Judgment to be vacated or set aside or vacated.

**IV.**
**Conclusion and Prayer**

WHEREFORE, Plaintiff respectfully seeks the Court to deny Defendants' Motion to Set Aside Default Judgment and In the Alternative, Motion to Vacate Default Judgment (Doc. No. 19). Defendants fail to make credible arguments to support their motion, and they fail to meet the requisite burden to justify their motion to be granted.

Plaintiff herein attaches a proposed Order.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:    /s/ Salar Ali Ahmed
Salar Ali Ahmed
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77002
Telephone:    (713) 223-1300
Facsimile:    (713) 255-0013

**ATTORNEY FOR PLAINTIFF**
**MOHAMMAD ZUBAIR SAFDAR**

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on October 24, 2011, to the Defendants in the below prescribed manner:

*(Via E-Filing System of the U.S. District Court for the Southern District of Texas)*
Mr. M. Ali Zakaria
M. Ali Zakaria & Associates, PC
6161 Savoy Drive, Suite 1000
Houston, Texas 77036


/s/ Salar Ali Ahmed
**Salar Ali Ahmed**

17

## **TABLE OF EXHIBITS**

<u>Exhibit A</u> – Affidavit of Due Diligence of Andrew C. Manger, Private Service Processor.

<u>Exhibit B</u> – Affidavit of Mohammad Zubair Safdar.

<u>Exhibit C</u> – Articles of Incorporation of AFW, Inc. and related Texas Franchise Tax Public Information Reports for 2009, 2010, and 2011.

<u>Exhibit D</u> – AFW, Inc. website pages and Facebook pages.